(17 Misc. Rep. 286.)

## STECKLER v. GODILLOT.

. (City Court of New York, General Term.   June 30. 1896.)

1. VENDOR AND PURCHASER—DEFECTIVE TITLE—ENCROACHMENT OF BUILDING.
    Where a contract for the sale of real estate provides for a variance in the dimensions of the premises of one inch in width and depth, the purchaser will be relieved from the contract if the building on the premises encroaches more than one inch on adjoining premises.

2. SAME—TITLE OF VENDOR TO ADJOINING PREMISES.
    Where the building on land which is the subject of a contract of sale encroaches on adjoining premises, the purchaser, in order to be relieved from contract, need not show that vendor did not have title to the land encroached on.

Appeal from trial term.

Action by Louis Steckler against Alexis Godillot, Jr. A judgment was entered on a verdict in favor of plaintiff, and defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and CONLAN and O'DWYER, JJ.

W. H. Stockwell, for appellant.
Stedman & Larkin, for respondent.

CONLAN, J.   This is an appeal from a judgment entered in favor of the plaintiff on the verdict of a jury.   The action was brought to recover the sum of $500, which the plaintiff had paid to defendant as part of the purchase price of certain premises in the city of New York, and the sum of $250 incurred by the plaintiff in the examination of the defendant's title.   The facts were as follows:

Defendant, being the owner of the premises No. 127 Clinton place, agreed to sell the same to the plaintiff for the sum of $20,500, and to convey the fee simple, free from all incumbrances.   The premises, as described in the contract, were, in dimensions, 24 feet 11 inches on the north side of Eighth street, by 93 feet and 11 inches in depth.   The contract also contained the following clause:

"It is agreed by the party of the second part that upon the closing of the title no objection will be raised by him as to the difference between the record title as shown by the deed to Godillot, and the title as in possession is shown by Towle's survey, dated September 22, 1884."

This survey was produced upon the trial, and showed that the buildings measure 25 feet in front, and 94 feet in depth on each side, thus exceeding the record title by 1 inch, both in front and depth. On the trial, six surveyors were examined as witnesses, five of whom testified that the building was larger than the Towle survey, varying in depth from $\frac{1}{2}$ to 5 inches.   At the conclusion of the trial, no motion was made for a new trial, or to set aside the verdict.

The appellant relies upon his exceptions to the charge of the court, and to the refusal of the court to charge as requested, as follows:

"I ask your honor to charge that, if the jury find an encroachment of the building at the rear beyond the 93 feet 11 inches described in the contract, that it was the duty to show that the defendant did not have title to the strip of land upon which the encroachment was built."

Also:

"I except to your honor's charge to the jury that, if they find that the encroachment exceeds Towle's survey, plaintiff is entitled to recover, and also to that part of the charge that, if the jury find there was any encroachment whatever from the house line of the street, the plaintiff is entitled to recover."

This case differs from an ordinary contract of purchase and sale, where slight or immaterial variances may be deemed to be within the contemplation of the parties.   In this case the contract expressly limits the variance to one inch in length and depth, and beyond that length the purchaser was not bound to go.   The exception to the charge therefore furnishes no ground for reversal.

As to the refusal of the court to charge as requested, the answer is that the deed tendered only purported to convey 93 feet and 11 inches of land in depth, while the building was conceded to be at least 94 feet deep, and there was some testimony to show that it was 94 feet and 5 inches.   Presumably, the deed tendered covered

all that plaintiff had to convey; and we do not think it was any part of the duty of the purchaser to ascertain who owned the land in the rear, upon which the building was manifestly an encroachment.

Judgment affirmed, with costs.    All concur.